UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Delroy Brooks,<br><br>                Plaintiff,<br><br>v.<br><br>Connecticut Department of Corrections, *et al.*,<br><br>                Defendants. | Civil No. 3:24-cv-861 (SRU)<br><br><br><br><br><br>May 31, 2024 |

**RULING AND ORDER ON
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** 

      As a civil litigant, Mr. Delroy Brooks would ordinarily be expected to prepay filing and administrative fees totaling $405 to commence a suit. *See* 28 U.S.C. § 1914. The issue, here, is whether Mr. Brooks may be afforded leave to proceed *in forma pauperis*, without the prepayment of the filing fee. *See* 28 U.S.C. § 1915.

      Courts often grant *in forma pauperis* status to a claimant if his application demonstrates he cannot pay the filing fee while still being able to afford his basic necessities. The Supreme Court has held that a litigant is "unable to pay" the filing fees under 28 U.S.C. § 1915(a) when the applicant demonstrates he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). For inmates, courts "may not simply presume that, because incarceration provides food and lodging, the movant does not need any financial resources to secure necessities." *Rosa v. Doe*, 86 F.4th 1001,

1010 (2d Cir. 2023) (finding the plaintiff unable to pay when his inmate account had an average account balance of $601.64). The prepayment of such filing fees should be waived when their imposition would constitute a "serious hardship on the plaintiff." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). A claimant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins*, 335 U.S. at 339; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

  Mr. Brooks' trust account balance is currently $5.03. ECF No. 13. Although Mr. Brooks receives periodic deposits ranging from $4.68 to $44, his account balance never exceeded $106.45 during the six months prior to his complaint. *Id.* Mr. Brooks states that he possesses neither a checking or savings account, nor any tangible assets. *Id.*

  For the foregoing reasons, the court concludes that Mr. Brooks has demonstrated he is unable to pay the costs associated with his suit. Mr. Brooks' motion to proceed *in forma pauperis* is therefore granted.

                         /s/ Thomas O. Farrish
                          Hon. Thomas O. Farrish
                        United States Magistrate Judge